For meaning of Abreviations, See Ternary Digest, page XII.

### No. 991
### STATE ex HEALTH CO. v. CONN
#### No. 20083.   Supreme Court

In mandamus. Dock. Sept. 3, 1926; 4 Abs. 623.

No. 20077.   Same facts and contentions.

747.   MANDAMUS—Does mandamus lie against the superintendent of insurance to compel him to restore license of foreign insurance company whose license had been revoked for spending more than 30% of premiums for expenses?

This is an action in mandamus filed against the Superintendent of Insurance to compel him to restore a foreign insurance company to do business in the state, after license had been revoked because more than 30% of company's income from premiums etc. was used for expenses.

Attorneys—T. S. Allen, Lincoln, Neb.; J. A. Shearer, Columbus, for State ex; C. C. Crabbe, Atty. Gen., C. S. Younger, Columbus, for Conn.

### No. 992
### LYON v. STATE
#### No. 20084.   Supreme Court

Motion for leave to file petition in error. Dock. Sept. 3, 1926; 4 Abs. 623.

333.   CRIMINAL LAW—Is it error for the court, in a murder trial, to allow admissions of other crimes on ground that they show motive?

465.   ERROR—Is it error when judgment on verdict is on two counts, one of first degree murder, the other, murder while committing robbery, on theory that murdered man was an officer trying to arrest him and malice could not be predicated on second count?

Lyon contends in the Supreme Court that in a prosecution for murder, it is error to introduce evidence of other crimes even though court instructed jury, that such evidence was but to show motive.

Should judgment on verdict of first degree murder without recommendation of mercy, where accused tried on two counts, one of murder with premeditation, second, murder while committing robbery, be reversed on theory that accused was not attempting to rob but that murdered man was an officer attempting to arrest him and malice could not be predicated upon the second count.

Attorneys—M. O. Kettig, Toledo, for Lyon; Edgar G. Martin, Pros. Atty., Huron Co., for State.

### No. 993
### CAMPBELL v. IND. COMM.
#### No. 20136.   Supreme Court

On motion to certify. Dock. Oct. 21, 1926; 4 Abs. 727.

631.   INDUSTRIAL COMMISSION—Where accident occurs to employee in 1922 and in 1925 tuberculosis develops by reason of said accident, does the time in which a claim for compensation might be filed with the Commission run from the time of the tubercular development or from the time of the original accident?

This case involves the right of a foreman employed at the Allis-Chalmers Mfg. Co. to recover compensation for disablement from tuberculosis, which first showed up about May 1, 1925, after he had met with an accident in April 1922.

During the three year interim, no signs of tuberculosis developed although he was examined quite frequently. Immediately after May 1, 1925, a claim for compensation was filed with the Industrial Commission which was disallowed by reason of the fact that more than two years had elapsed from the time of the injury; and that tuberculosis was not compensable. This finding was affirmed by the Hamilton Common Pleas and the Court of Appeals.

In the Supreme Court it is contended that there was no injury until there was a lesion of the lung tissue; that injury is the result of the accident, the two things being necessary always, and that although the accident occurred in 1922, there was no injury until 1925. It is contended that 1465-72 A. GC. reads "two years after the injury" and not "two years after the accident," and that courts of this state have never held that tuberculosis was not compensable when it was the result of an injury.

Attorneys—Hightower, O'Brien & Porter, Cincinnati, for Campbell; C. C. Crabbe, Atty. Gen., and Chas. W. Baker, Columbus, for Commission.